BYE, Circuit Judge,
dissenting.
I do not believe the district court erroneously instructed the jury when it allowed them to consider the price a hunter would pay for the opportunity to participate in a wildlife hunt when determining whether Hughes’s Lacey Act violations were felonies (in excess of $350). As a result, I would affirm Hughes’s convictions and sentence. I therefore respectfully dissent from the decision to vacate the convictions and reverse and remand for a new trial.
The Court’s primary rationale for reversing the district court is the proposition that the “sale element” of the Lacey Act “is entirely separate from the market-value element that distinguishes felonies from misdemeanors.” Ante at 805.1 respectfully disagree. The Lacey Act unambiguously states that a person engages in the “sale of fish or wildlife” whenever, for money or other consideration, the person “offer[s] or provide[s] ... guiding, outfitting, or other services” for the purpose of the illegal taking of wildlife. 16 U.S.C. § 3372(c)(1). That is, the act of guiding or outfitting an illegal hunt is synonymous with the “sale of fish or wildlife.” By defining a “sale of fish or wildlife” in this broad manner, Congress necessarily intended the price of the guiding or outfitting services to be considered when determining whether the sale of the fish or wildlife had a market value in excess of $350. Consequently, I do not believe there is a distinction between the *808 so-called “market value” and “sale” elements of the statute.
The propriety of the district court’s instruction, which allowed the jury to consider the market value of the hunt, is shown by substituting § 3372(c)(l)’s expanded definition of a “sale of fish or wildlife” into the Lacey Act’s relevant criminal penalty provision under § 3373(d)(1)(B). As the Court notes, § 3373(d)(1)(B) in relevant part provides for felony-level penalties when an offender “knowingly engag[es] in conduct that involves the sale ... of ... fish or wildlife ... with a market value in excess of $350.” Because § 3372(c)(1) specifically deems the act of providing or offering guiding, outfitting, or other services to be a “sale of fish or wildlife,” § 3373(d)(1)(B) must be read as triggering felony-level penalties whenever an offender “knowingly engag[es] in conduct that involves the [offering or provision , of guiding, outfitting, or other services] with a market value in excess of $350.”
The illustration used by the Court to . suggest the price of guide services is not the same thing as the market value of wildlife, see ante at 805, is inconsistent with the statute. As the Court notes, the amendment found at § 3372(c)(1) was in direct response to a Ninth Circuit decision which held the offering of guiding or outfitting services did not constitute a sale of wildlife under the Lacey Act. See United States v. Stenberg, 803 F.2d 422, 437 (9th Cir.1986). By making the offering of guide services synonymous with the sale of wildlife, Congress specifically intended the market value of the guide services to be synonymous with the market value of the wildlife.
The difference between my interpretation of the statute and the Court’s becomes transparent by considering this example. Suppose the hunters to whom Hughes had offered or provided guiding, outfitting, or other services had been unsuccessful in bagging a deer. In that ease there would be no market value of a particular deer for the jury to consider, only the price of the unlawful hunt. Hughes would nevertheless still be guilty of violating the Lacey Act because “[i]t is deemed to be a sale of fish or wildlife in violation of this chapter for a person for money or other consideration to offer or provide ... guiding, outfitting, or other services.” 16 U.S.C. § 3372(c)(1). And Hughes would be guilty of a felony level violation of the Lacey Act so long as that specific type of prohibited sale of fish or wildlife had “a market value in excess of $350.” 16 U.S.C. § 3373(d)(1)(B).
For the foregoing reasons, I respectfully dissent.